■ In the Matter of BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 18, TOWN OF HEMPSTEAD, Appellant, against EWALD B. NYQUIST, as Acting Commissioner of Education of the Department of Education of the

State of New York, Respondent. EDWARD F. CALLAN, Respondent.— Appeal from an order of the Supreme Court which dismissed a petition to review a decision of the Acting Commissioner of Education. The decision of the Acting Commissioner directed the petitioner Board of Education to provide transportation for a pupil to a private elementary school which he legally attended, which was outside the district and more than two miles and less than eight miles from his home. An appeal to the Commissioner under section 310 of the Education Law is authorized by subdivision 2 of section 3635 of the Education Law when the Board of Education "fail to provide the transportation authorized by this chapter". Such an appeal was taken by the pupil's father and the decision sought to be reviewed resulted. Section 2021 (subd. 19, par. [c]) of the Education Law authorizes the conveyance of pupils residing in a school district "to the elementary or high schools, or both, other than public, situated within the district or an adjacent district or city". The only substantial issue in this case is whether the private school to which conveyance was directed is "situated within * * * an adjacent district" or whether it was arbitrary and capricious for the Acting Commissioner to so determine. There are portions of two other districts between the district represented by petitioner and in which the pupil resides, and the district in which the private school in question is located. To travel from the pupil's home to the private school it is necessary to cross a portion of one district, but the total distance from home to school is less than eight miles. Both sides refer us to dictionary definitions of "adjacent". The sum total of all of them is that the word connotes "nearness"— something "neighboring" or close by, which may or may not be adjoining or touching. With such choice we may not say that the Acting Commissioner's decision was prohibited by statute or was arbitrary and capricious. While a district may vote to transport a pupil or pupils much farther than eight miles, the Commissioner has apparently fixed a policy that he will not order transportation beyond eight miles between home and school. It is argued that such a so-called "eight mile rule" is arbitrary. The distance of eight miles was taken from the State-wide average distance of pupil transportation. The adoption of some reasonable standard instead of proceeding hit or miss in each case is not arbitrary. It follows that under section 310 of the Education Law we may not disturb the decision of the Acting Commissioner. Order unanimously affirmed, without costs. Present— Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.